This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: December 19, 2024**

**No. S-1-SC-39540**

**BRUCE PUMA and KATHLEEN PUMA,**
**for Themselves and All Others Similarly**
**Situated,**

Plaintiffs-Respondents,

v.

**WAL-MART STORES EAST, LP;**
**APPLICA CONSUMER PRODUCTS, INC.;**
**and THE BLACK & DECKER CORPORATION,**

Defendants-Petitioners.

**ORIGINAL PROCEEDING ON CERTIORARI**
**C. Shannon Bacon, District Judge**

Holland & Hart LLP
Larry J. Montaño
Santa Fe, NM

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Jennifer G. Anderson
Albuquerque, NM

for Petitioners

Floyd D. Wilson, P.C.
Floyd Wilson
Cedar Crest, NM

Freedman Boyd Hollander & Goldberg, P.A.
David A. Freedman
Albuquerque, NM

for Respondents

McCoy Leavitt Laskey, LLC
H. Brook Laskey
Albuquerque, NM

Jennings, Haug, Keleher, McLeod, LLP
Thomas C. Bird
Albuquerque, NM

Goldberg Segalla
Laura A. Colca
Buffalo, NM

for Amicus Curiae Society of Product Licensors Committed to Excellence

Sidley Austin, LLP
William Ranney Levi
Washington, DC

for Amicus Curiae Chamber of Commerce of the United States of America and The New Mexico Chamber of Commerce

Treinen Law Office
Rob Treinen
Albuquerque, NM

Martinez, Hart, Sanchez & Romero, P.C.
Julio C. Romero
Albuquerque, NM

New Mexico Trial Lawyer Association
David J. Stout, Chairman, Amicus Committee
Albuquerque, NM

for Amicus Curiae New Mexico Trial Lawyers Association

## DISPOSITIONAL ORDER OF PARTIAL VACATUR

**THOMSON, Chief Justice.**

**{1}   WHEREAS, THIS MATTER** came before the Court pursuant to Rule 12-502 NMRA upon Petitioners Wal-Mart Stores East, LP, Applica Consumer Products, Inc., and the Black & Decker Corporation's appeal from the portion of the Court of Appeals' opinion that rejected Petitioners' reliance on the Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1051-1127, as a substantive defense to Respondents' claim for damages under the New Mexico Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019). *Puma v. Wal-Mart Stores E., LP*, 2023-NMCA-005, ¶¶ 9-19, 523 P.3d 589. Having reviewed the parties' briefing and being otherwise fully informed on the issues and applicable law, we

conclude that there is no reasonable likelihood that a written decision or opinion of the Court would affect the disposition of this appeal or advance the law in New Mexico. We therefore dispose of Petitioners' appeal by nonprecedential order. *See* Rule 12-405(B) NMRA.

**IT IS THEREFORE ADJUDGED THAT**

**{2}** Petitioners' heavy reliance on the Lanham Act as a substantive defense to this UPA action is misguided for two distinct but related procedural reasons. First, Petitioners waived any Lanham Act defense by failing to raise the issue at any point before or during the six-day district court bench trial. *See Richardson Ford Sales, Inc. v. Johnson*, 1984-NMCA-007, ¶ 11, 100 N.M. 779, 676 P.2d 1344 (concluding, in UPA litigation, that "the applicability of federal decisions to this case [was] not properly before us for review" in circumstances where the defendants failed to "request[ ] the trial court to rule on the basis of an unfair trade practice declared in federal decisions").

**{3}** Second, the Lanham Act issue was not included in the district court's final pretrial order. That order remained intact and unmodified throughout the entirety of the extensive trial proceedings below and continued to "control the subsequent course of the action." Rule 1-016(E) NMRA; *see Lewis ex rel. Lewis v. Sampson*, 2001-NMSC-035, ¶ 25, 131 N.M. 317, 35 P.3d 972 ("By the time of entry of the pretrial order, our rules contemplate that the issues to be tried will have been identified." (text only)[1] (citation omitted)). Further, even had Petitioners sought to modify the pretrial order to add the Lanham Act question as a triable issue—which, for reasons unexplained, Petitioners conspicuously failed to do—they could not have carried their burden of demonstrating the requisite "manifest injustice" sufficient to warrant modification of the order. *Lewis*, 2001-NMSC-035, ¶ 25.

**{4}** It was thus unnecessary for the Court of Appeals to consider the merits of Petitioners' Lanham Act argument, as it was both unpreserved and waived. In addressing the Lanham Act issue head-on, the Court of Appeals' opinion amounted to little more than an advisory opinion. *See City of Las Cruces v. El Paso Elec. Co.*, 1998-NMSC-006, ¶ 18, 124 N.M. 640, 954 P.2d 72 (indicating that appellate courts disfavor advisory opinions and "avoid rendering" them). In vacating that portion of the Court of Appeals' opinion addressing the Lanham Act question, we express no view regarding the interplay, if any, between the UPA and the Lanham Act in the context of what the Court of Appeals characterized as a "UPA name brand claim." *Puma*, 2023-NMCA-005, ¶¶ 6, 9-19. That issue can be resolved in another case where the record reflects it was properly presented and preserved and not in a manner as it appeared in this record as a post-trial defense argued in its final pleadings.

**{5}** The district court similarly had no need to weigh in on the merits of Petitioners' Lanham Act argument. The district court's decision to do so—an understandable attempt to resolve all pending issues in this hotly contested case—caused Petitioners

---

[1]"(Text only)" indicates the omission of nonessential punctuation marks—including internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text otherwise unchanged.

no prejudice considering that they were otherwise foreclosed from raising any Lanham Act argument based on the procedural roadblocks outlined above. Here, we are guided by the primary purposes for the preservation rule: "(1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court [and the trial court] to make an informed decision regarding the contested issue." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791.

**{6}** The Court of Appeals' opinion is vacated only to the extent that it substantively addressed the Lanham Act issue and thus conflicts with the disposition that we render today. We leave undisturbed, as we must, those portions of that opinion that were not brought up for review by Petitioners' certiorari petition—that is, the remainder of the Court of Appeals' UPA analysis, the Court's unjust enrichment discussion, and its resolution of the parties' attorney fee dispute. *Puma*, 2023-NMSC-005, ¶¶ 20-28, 29-40, 41-59.

**{7}** **WE THEREFORE VACATE** that portion of the Court of Appeals' opinion that addressed the Lanham Act question and held, as a matter of substantive law, that "the district court was not required to apply Lanham Act precedent in ruling on [Respondents'] UPA name brand claim." *Puma*, 2023-NMCA-005, ¶ 19. We **REMAND** the matter to the district court for further proceedings in accordance with this opinion.

**{8}** **IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**

**LISA CHAVEZ ORTEGA, Judge**
**Sitting by designation**